IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>ALVARO ROMERO (1), ARTURO ELIZONDO (2), RICARDO AVILES (4), JOSE RUBIO-VILLEGAS (6), INES RUBIO-VILLEGAS (7), ALEXANDER ALONSO-MASCORRO (8), and SIDNEY ANTHONY WORRELL (10) | NO. 1:17-CR-00153-TH |

## REPORT AND RECOMMENDATION

Pending before the undersigned is the Government's "Motion to Admit Text Messages and Cooperating Witness Testimony." (Doc. No. 289.) The undersigned recommends denying the motion as moot because there is no recommendation to suppress text messages or cooperating witness testimony. Therefore, the Government's motion is premature.

### I. Motions to Adopt Original Motion to Suppress

On August 10, 2018, Defendant Worrell filed a motion to suppress all "fruits" of the interception of wire communications of his cellular phone because the interception orders were facially insufficient.[1] (Dkt. No. 172) (hereinafter "Worrell's Original Motion to Suppress"). On November 2, 2018, the undersigned entered a Report recommending that the Court grant Worrell's Original Motion to Suppress on the grounds that the wiretap orders do not contain the identity of the high-level Justice Department official who approved the applications, as required by 18 U.S.C.

_____

[1] The Motion to Suppress was joined by Defendant Romero on August 20, 2018. (Dkt. No. 178.)

§ 2518(4)(d).  Important to this analysis, the Report did not recommend suppressing text messages or electronic communications:

> ". . . the undersigned does not need to resolve [whether the text messages should be excluded]. The Defendants have not moved to suppress any electronic communications, nor does the evidence establish that the Defendants had any electronic communications intercepted by authority of the Wiretap Orders."

(Dkt. No. 201, p. 8.)  The District Court adopted the Report and Recommendation on January 8, 2019.  (Dkt. No. 220.)  The Government filed an interlocutory appeal to the Fifth Circuit Court of Appeals on January 23, 2019.  *U.S.A. v. Romero, et. al.*, 19-40045 (5th Cir.).  The appeal was dismissed at the Government's request on April 5, 2019.  *Id.*

On December 13, 2018, Defendant Aviles filed a "Motion to Adopt Co-Defendant's Motion."  (Dkt. No. 212.)  On April 15, 2019, Defendant Alonso-Mascarro filed a "Motion to Suppress Evidence," which the undersigned construes as a motion to adopt Worrell's Original Motion to Suppress.[2]  (Dkt. No. 278.)  On April 17, 2019, Defendant Rubio-Villegas filed a "Motion to Suppress Wiretap Evidence and All Fruits of the Interception of Wire Communications from Jose Rubio-Villegas's Phone." (Dkt. No. 280.)  The undersigned construes Rubio-Villegas's motion as a motion to adopt Worrell's Original Motion to Suppress. [3]  In early May 2019, Defendants Ines Rubio-Villegas and Alexander Alonso-Mascarro filed motions to adopt Worrell's

---

[2] Alonso-Mascarro does not seek independent relief, but rather to "adopt co-defendant Worrell's Motion to Suppress."

[3] Rubio-Villegas's Motion includes a request to "suppress all the oral, wire, and *electronic communications*" that were obtained pursuant to the May 14, 2014 wiretap order, whereas Worrell's Original Motion to Suppress refers to wire communications only.  However, because Rubio-Villegas's motion is construed as motion to adopt, the undersigned finds that the relief sought must be consistent with remedy provided in Worrell's Original Motion to Suppress.  Moreover, although Rubio-Villegas's motion requests suppressing electronic communications, he does not provide any evidentiary support or legal analysis relating to text messages.  The proponent of a motion to suppress evidence bears the burden of proving, by a preponderance of the evidence, that the challenged evidence was obtained in violation of his or her constitutional rights. *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005).  Accordingly, to the extent that Rubio-Villegas seeks to have text messages suppressed, his request is denied because he has failed to satisfy his evidentiary burden.

Original Motion to Suppress. (Dkt. Nos. 299 and 302.) Defendant Arturo Elizondo filed an unopposed motion to adopt Worrell's Original Motion to Suppress on June 11, 2019. (Dkt. No. 308.)

In short, six Defendants filed motions to adopt Worrell's Original Motion to suppress. The undersigned finds that these motions to adopt have or should be granted:

| Defendant Romero (1) | Dkt. No. 178, "Unopposed Motion to Adopt Co-Defendants Motion," filed on August 20, 2018 and **granted** on September 7, 2018 (Dkt. 193) |
|---|---|
| Defendant Ricardo Aviles (4) | Dkt. No. 212, "Motion to Adopt Co-Defendant's Motion," filed December 13, 2018<br><br>*Certificate of Conference indicates that the Government reserves its opinion as to the relief requested until after he has read the motion |
| Defendant Jose Rubio-Villegas (6) | Dkt. No. 280, "Motion to Suppress Wiretap Evidence and All Fruits of the Interception of Wire Communications from Jose Rubio-Villegas's Phone," filed April 17, 2019<br><br>*Construed as motion to adopt Worrell's Original Motion to Suppress. No Certificate of Conference attached. |
| Defendant Ines Rubio-Villegas (7) | Dkt. No. 299, "Motion to Adopt Co-Defendant's Motion," filed May 3, 2019<br><br>*Certificate of Conference does not indicate whether joinder was opposed. |
| Defendant Alexander Alonso-Mascarro (8) | Dkt. No. 278, "Motion to Suppress Evidence," construed as a motion to adopt Worrell's Original Motion to Suppress<br><br>*Certificate of Conference indicates that the Government is opposed to the motion to the extent that the evidence includes text messages.<br><br>Dkt. No. 302, "Motion to Adopt Co-Defendant's Motion Pro Se," filed May 6, 2019<br><br>*Defendant Alonso-Mascarro filed the motion *pro se* despite being represented by counsel. No Certificate of Conference was attached. |
| Arturo Elizondo (2) | Dkt. 308, "Unopposed Corrected Motion to Join Title III Suppression Motion and the Court's Ruling Suppressing the Resulting Wire |

| | Communications and Their Fruit," filed June 11, 2019 |
| | |
| | *Certificate of Conference indicates the Government is unopposed to the joinder. |

## II.  Government's Motion to Admit Text Messages and Cooperating Witness Testimony

On April 24, 2019, the Government filed a "Motion to Admit Text Messages and Cooperating Witness Testimony." (Doc. No. 289.)  The Government claims that despite the court's suppression of wire communications, the Government should be allowed to admit text messages "because they were obtained in compliance with Title III and are not fruits of the interception.  Similarly, the Government should be able to present testimony from cooperating defendants for the same reason." (*Id.*, p. 1.)  None of the Defendants filed a response, and the Government's certificate of conference does not indicate whether Defendants oppose the request.

## III. Discussion

Worrell's Original Motion to Suppress seeks to exclude wire communications only, which do not include text messages.  The first paragraph of Worrell's Original Motion to Suppress clearly states: "[Defendant] moves the Court to suppress all fruits of the interception of *wire communications* of his cellular phone because the interception orders are facially insufficient." (Dkt. No. 172, p. 1) (emphasis added).[4]  Accordingly, the Report and Recommendation did not resolve the issue as to whether text messages should be suppressed, and no objections to this

---

[4] Wire communications do not include text messages.  Text messages are classified as "electronic communications," which are defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce." 18 U.S.C. § 2510(12); *see United States v. Jones*, 451 F. Supp. 2d 71, 75 (D.D.C. 2006) (holding that text messages constitute "electronic communications").

finding were raised.  Therefore, the Government's motion to allow text messages should be denied as moot because text messages have not yet been suppressed.

Likewise, there has been no evidence that the cooperating witness testimony is a "fruit" of the suppressed wire communication evidence.  The Government's request to admit cooperating witness testimony should also denied as moot because said testimony has not been suppressed, and the request is premature.

## IV. Conclusion

The undersigned recommends that the Court grant the following motions to adopt Worrell's Original Motion to Suppress (Dkt. No. 172)[5]:

| Defendant Ricardo Aviles (4) | Dkt. No. 212 |
| Defendant Jose Rubio-Villegas (6) | Dkt. No. 280 |
| Defendant Ines Rubio-Villegas (7) | Dkt. No. 299 |
| Defendant Alexander Alonso-Mascarro (8) | Dkt. No. 278 |
| Arturo Elizondo (2) | Dkt. No. 308 |

The undersigned also recommends that that the Court deny the Government's "Motion to Admit Text Messages and Cooperating Witness Testimony" (Dkt. No. 289) because there is no recommendation to suppress text messages or cooperating witness testimony.   Therefore, the Government's request is premature.

---

[5] Defendant Romero's motion to adopt (Dkt. No. 178) was previously granted on September 7, 2018.

## IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within **three (3) days** after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); Fed. R. Civ. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); Fed. R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).


SIGNED this 2nd day of July, 2019.

Zack Hawthorn
United States Magistrate Judge